## Fulton v. Gleeson

McNees, Wallace & Nurick, for plaintiff.

Herbert B. Cohen, Attorney General, Frederick G. Antoun, Deputy Attorney General, for Commonwealth.

KREIDER, J., August 28, 1957.—This case comes before the court on a motion by plaintiff for judgment on the pleadings. The pleadings consist of plaintiff's complaint in mandamus and defendant's answer thereto. In his complaint plaintiff seeks to have this court declare the action of defendant Secretary of Revenue illegal and to order defendant to withdraw his revocation of plaintiff's motor vehicle operating privileges. Plaintiff pleaded guilty on July 18, 1955, in Centre County to an indictment charging that he did on July 7, 1955, in the Borough of State College "unlawfully operate a motor vehicle becoming involved in an accident at which he did fail to stop, contrary to the form of the Act of the General Assembly in such case made and provided, . . ." Whereupon plaintiff was sentenced by President Judge Ivan Walker to pay a fine of $50, the costs of prosecution and to stand committed until the sentence was complied with.

Plaintiff's sole contention is that the revocation of his operating privileges was without authority for the reason that he did not plead guilty to a charge of failing to stop and render assistance. The revocation was made by the Secretary of Revenue pursuant to the authority granted to him under the provisions of The

Vehicle Code of May 1, 1929, P. L. 905, art. VI, sec. 614, 75 PS §191, which provides:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person, . . ."

"4. Conviction of an operator of a motor vehicle or tractor involved in an accident, resulting in injury or death to any person or damage to property, upon the charge of failing to stop and render assistance or disclose his identity at the scene of the accident."

In passing upon plaintiff's contention, the court must keep in mind section 1025 (a) of The Vehicle Code, 75 PS §634 (a) :

"(a) The driver of any vehicle involved in an accident, resulting in injury or death to any person or damage to property, shall immediately stop such vehicle at the scene of such accident."

We are of the opinion that the legislature in incorporating section 614 (a) 4 in The Vehicle Code, intended to cover violations with regard to section 1025 and that properly read, section 614 (a) 4 must be construed to provide that a license may be revoked upon a charge of failing to stop and also upon a charge of failing to "render assistance or disclose his identity at the scene of the accident". It is obvious, as defendant contends, that if a motorist involved in an accident fails to stop his vehicle he cannot render assistance or disclose his identity as the law requires him to do.

Defendant vigorously contends that this court does not have jurisdiction under the facts and circumstances in this case. While there may be considerable merit in

this view, we do not deem it necessary to decide the instant case on that point.

And now, August 28, 1957, plaintiff's motion for judgment on the pleadings is overruled and the complaint in mandamus is dismissed at the cost of·plaintiff.