Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* Kerry Goldstein, Appellant.

Argued May 5, 1978, before Judges Crumlish, Jr., Wilkinson, Jr. and Blatt, sitting as a panel of three.

*Samuel J. Reich,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 24, 1978:

Kerry Goldstein (Appellant) appeals the revocation of her driver's license by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Bureau) following a conviction on a misdemeanor charge of "failing to stop and render assistance following an automobile accident resulting in property damage."[1] Revocation of one's license upon conviction of this offense is required by Section 616(a)(3) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §616(a)(3).[2]

After appeal to the Court of Common Pleas, the revocation was affirmed and the instant appeal followed.

Appellant contends that since she was convicted of failure *to stop* at the scene of the accident and not of failure to stop *and* render assistance, revocation was improper. We disagree and affirm the court below. It is obvious that conviction of the misdemeanor "failure to stop" necessarily includes failure to "render assistance" since under normal circumstances it would be impossible to render assistance unless one stopped to determine whether assistance was necessary. As the Court of Common Pleas for Dauphin County wrote in *Fulton v. Gleeson,* 12 Pa. D. & C. 2d 109, 110 (1957):

---

[1] Section 1027(a) of The Vehicle Code, Act of April 29, 1955, P.L. 58, *as amended,* 75 P.S. §1027(a).

[2] Effective July 1, 1977, The Vehicle Code was recodified as 75 Pa. C.S.A. §101 et seq. The events herein occurred before the date of recodification and all citations are to the prior law.

[A] license may be revoked upon a charge of failing to stop and also upon a charge of failing to 'render assistance or disclose his identity at the scene of the accident.' It is obvious, as defendant contends, that if a motorist involved in an accident fails to stop his vehicle he cannot render assistance or disclose his identity as the law requires him to do.

Accordingly, we

### ORDER

AND Now, this 24th day of July, 1978, the decision of the Department of Transportation, Bureau of Traffic Safety, revoking the driver's license of Kerry Goldstein is affirmed.